# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

---

JOSEPH GUSTAFSON,                                    Civil No. 14-3351 (JRT/JJK)

                        Petitioner,        **MEMORANDUM OPINION AND
                                            ORDER ON REPORT AND
v.                                          RECOMMENDATION OF
                                            MAGISTRATE JUDGE**
WARDEN B. REISER,

                        Respondent.

---

Joseph Gustafson, #137366, 1101 Linden Lane, Faribault, MN  55021, *pro se*.

J. Michael Richardson, Assistant County Attorney,, **HENNEPIN COUNTY ATTORNEY'S OFFICE**, 300 South Sixth Street, Suite C-2000, Minneapolis, MN  55487, for respondent.


In 2012, Petitioner Joseph Gustafson was found guilty by a jury in Minnesota state court of (1) racketeering, (2) aiding and abetting kidnapping, (3) aiding and abetting second-degree assault, and aiding and abetting first-degree arson.  In the trial, witnesses testified that Gustafson instructed a man named Brian Tiedens to "take care of" – as in beat up – the victim, "J.K."  Tiedens did exactly that.  Tiedens forced J.K. into a garage, demanded that J.K. strip so that Tiedens could search him for a wire, and punched J.K. with weighted gloves and unleashed a pit bull on him.

Gustafson is now serving a sentence of 180-months imprisonment on the racketeering conviction concurrent with 150-months imprisonment on the three aiding

and abetting convictions.  Gustafson has filed a § 2254 habeas petition requesting that the Court order that he be given a new trial.  Gustafson argues in his petition that the state trial and appellate courts committed various constitutional errors, unreasonably determined the facts of his case, and permitted him to be represented by ineffective counsel.

As with all habeas petitions, the Court's role is limited.  The Court may not determine anew whether it thinks Gustafson is guilty or not guilty.

In light of the constraints of habeas review, United States Magistrate Judge Jeffrey J. Keyes issued a Report and Recommendation ("R&R") recommending that the Court deny Gustafson's petition because it does not meet § 2254's high bar.  Gustafson has filed objections.  Because the Court finds that the state court's determination of the facts, in light of the evidence presented, was not "unreasonable," and that Gustafson has not presented successful *Strickland* arguments of ineffective assistance of counsel, the Court will overrule Gustafson's objections, adopt the R&R, and deny Gustafson's petition.

## BACKGROUND

### I.    FACTUAL BACKGROUND

In 2012, Gustafson was tried in Minnesota state court on seven counts:  one count of racketeering, one count of conspiracy to commit first-degree murder, and five counts for aiding and abetting the following crimes of first-degree murder, first-degree burglary, kidnapping, second-degree assault, and first-degree arson.  The jury returned a guilty

verdict on four of the counts: racketeering, and aiding and abetting the three crimes of kidnapping, second-degree assault, and first-degree arson. For the racketeering charge, the jury needed to find that Gustafson had engaged in a pattern of criminal activity, defined as participation in three or more criminal acts. *See* Minn. Stat. § 609.902, subd. 6. The jury found that he had committed four such predicate acts: aiding and abetting kidnapping, aiding and abetting second-degree assault, aiding and abetting first degree arson, and accessory after the fact to aggravated robbery. (R&R at 4, June 4, 2015, Docket No. 20.)

Much of Gustafson's objections to the R&R focus on the kidnapping and second-degree assault. Gustafson does not dispute the following facts: Tiedens called J.K. over to the house at issue. Once there, Tiedens ordered J.K. into the garage and required J.K. to strip so that Tiedens could search him for a wire. Once the search was complete, Tiedens permitted J.K. to put his clothes back on, J.K. sat on a chair, and Tiedens then assaulted J.K by punching him with weighted gloves and unleashing a pit bull on him. *See State v. Gustafson*, No. A12-0918, 2013 WL 1705029, at *3 (Minn. Ct. App. Apr. 22, 2013), *review denied*, (Minn. July 16, 2013); (*see also* Mem. of Objs. at 3, Oct. 13, 2015, Docket No. 28).

Much of what Gustafson objects to involves the evidence linking Gustafson to these events. At trial, J.K. testified that Tiedens told him, during the course of the assault, that "this is from Big Joe," with "Big Joe" being Gustafson. (Second Appendix, Ex. D at 303, Nov. 26, 2014, Docket No. 15.) Later, Tiedens testified too. In the midst of Tiedens's testimony, the judge gave a limiting instruction, stating that the jury was to

use the remainder of Tiedens's testimony for the "limited purpose" of "deciding whether or not there was an enterprise relating to the charge of racketeering" and that the jury was "not [to] use this evidence to decide whether the defendant committed any of the other specific crimes." (*Id.*, Ex. E at 31-32.) Then Tiedens restarted his testimony and stated that prior to the events in question, Gustafson had instructed him to "get[ J.K.,] over to [Gustafson's] house" and to "tak[e] care of him," which Tiedens understood to mean that he was supposed to "[b]eat him up, shut him up," and "[i]ntimidate him, scare him so he shuts up and doesn't talk to the cops anymore." (*Id.* at 46.)

## II.     PROCEDURAL HISTORY

After his trial, Gustafson appealed his case to the Minnesota Court of Appeals, where his conviction was affirmed in April 2013. *Gustafson*, 2013 WL 1705029, at *9. The Minnesota Supreme Court then denied review in July 2013.

In September 2014, Gustafson filed his § 2254 petition with the Court. (Pet. for Writ of Habeas Corpus, Sept. 4, 2014, Docket No. 1.) Gustafson's initial petition raised an argument that his arson-related conviction should be vacated because he was charged after the expiration of the statute of limitations. (Mem. in Supp. of Pet. at 13-14, Sept. 4, 2014, Docket No. 2.) Respondent Warden B. Reiser responded with an argument that Gustafson's state-court remedies had not yet been exhausted with respect to the statute-of-limitations issue.   (Reiser's Resp. Mem. at 5-6, Oct. 2, 2014, Docket No. 7.) Gustafson then amended his petition to delete any references to the statute-of-limitations

issue.  (Mot. to Amend., Oct. 29, 2014, Docket No. 11; Order, Oct. 29, 2014, Docket No. 12.)

On June 4, 2015, the Magistrate Judge issued his R&R recommending that Gustafson's petition be denied.  (R&R at 25.)  Gustafson did not timely object, the Court adopted the R&R, denied the petition, and entered judgment against Gustafson.  (*See* Docket Nos. 21-23.)  A day later, Gustafson filed a brief objection "notice."  (Obj., June 24, 2015, Docket No. 24.)  The Court then stayed the adoption of the R&R and granted Gustafson leave to file more extensive objections.  (Order, Aug. 12, 2015, Docket No. 26.)  In October 2015, Gustafson filed a memorandum describing his objections at greater length.  (Mem. of Objs.)

## ANALYSIS

## I.    STANDARD OF REVIEW

Upon the filing of a Report and Recommendation by a Magistrate Judge, "a party may serve and file specific written objections to the proposed findings and recommendations."  Fed. R. Civ. P. 72(b)(2); *accord* D. Minn. LR 72.2(b)(1).  "The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to."  Fed. R. Civ. P. 72(b)(3); *accord* D. Minn. LR 72.2(b)(3).

## II.   THE ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT

The Antiterrorism and Effective Death Penalty Act of 1996 limits the availability of relief for petitions for habeas corpus in federal court.  28 U.S.C. § 2254.  The Court may not grant a habeas petition unless the state court's adjudication of the claim

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

*Id.* § 2254(d).  The prisoner bears the burden of rebutting the state court's factual findings "by clear and convincing evidence."  *Id.* § 2254(e)(1).

The Court understands Gustafson to make two objections.  First, that the Magistrate Judge was mistaken in concluding that a reasonable jury could have found, based on the evidence presented at trial, that Gustafson was guilty of the racketeering and aiding and abetting kidnapping and assault crimes.  And second, that the Magistrate Judge incorrectly decided that relief was not available based on ineffective assistance of counsel.

## A.    "Unreasonable Determination of the Facts"

Gustafson first objects that the Magistrate Judge's R&R failed to properly address Gustafson's argument that his convictions were based on an unreasonable determination of the facts.  (Mem. of Objs. at 2-12.)  As noted above, the Court may award habeas relief if the state court's decision "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d)(2).  "[A] state-court factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance."  *Burt v. Titlow*, 134 S. Ct. 10, 15 (2013) (quoting *Wood v. Allen*, 558 U.S. 290, 301 (2010)).

First, Gustafson argues that J.K.'s testimony alone was not sufficient for a guilty finding on the aiding and abetting kidnapping charge, and that the jury therefore must have inappropriately relied on the testimony Tiedens provided after the trial court judge's limiting instruction.  (Mem. of Objs. at 4.)   As Gustafson acknowledges, he did not present this argument to the Minnesota Court of Appeals, and he therefore procedurally defaulted on it.   (*Id.*)   The procedural-default rule "is nearly absolute" and bars procedurally-defaulted arguments "unless a habeas petitioner can 'demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law,' or show actual innocence.'"   *Reagan v. Norris*, 279 F.3d 651, 656 (8th Cir. 2002) (citations omitted) (quoting *Coleman v. Thompson*, 501 U.S. 722, 750 (1991)).   Gustafson does not meet these exceptions.   He argues that he had cause for not making the argument earlier because he is "not learned in the law," but the Court notes that Gustafson had an attorney both at trial and in his direct appeal.   He also has not demonstrated that he suffered "actual prejudice," because even if Gustafson were right and the jury should not have relied on Tiedens's post-limiting instruction testimony, a rational factfinder could still have concluded, based on J.K.'s testimony alone, that Gustafson aided and abetted the kidnapping, in addition to the assault, because J.K. testified that Tiedens told J.K. his acts were "from" Gustafson.   And Gustafson has not met his burden of showing that he is actually innocent, an uphill battle in light of the testimony provided to the state court by J.K. and Tiedens.[1]

---

[1] The Court also notes that even if Minnesota law required that Tiedens's testimony be

(Footnote continued on next page.)

Second, Gustafson argues that Tiedens' testimony "was the product of leading questions and coercive tactics that suggested to the witness that he was expected to implicate [Gustafson]." (Mem. of Objs. at 5-6 (emphasis omitted).) Perhaps. But Gustafson's attorney also cross-examined Tiedens, wherein the attorney sought to undermine the reliability of Tiedens's testimony by, for example, questioning Tiedens about his cooperation with law enforcement to raise with the jury the possibility that Tiedens might not be telling the truth. (*See* Appendix, Ex. E at 90 (asking Tiedens about a law enforcement officer's statement, "cooperate with us, we can make this go away").) The jury heard those questions, likely considered the reliability of the evidence, and still found that Gustafson was guilty. The Court cannot say that it would have been impossible for a rational factfinder to find Tiedens's testimony credible.

Third, Gustafson argues that even if the state court's limiting instruction can be disregarded, and Tiedens' post-instruction testimony can be considered, all of the kidnapping-related evidence was still "circumstantial" and therefore insufficient. Gustafson notes that Tiedens testified only that he was instructed to "take care of" J.K., which he understood meant to beat him up, but that Tiedens never stated anything suggesting Gustafson asked Tiedens to kidnap J.K. Similarly, Gustafson notes that J.K. testified that Tiedens stated "this is from" Gustafson during the assault, after the

_____

(Footnote continued.)

corroborated because Tiedens was allegedly Gustafson's accomplice, the same rule may not have applied to J.K.'s testimony because J.K. was a victim, not an accomplice. *See* Minn. Stat. § 634.04 (requiring corroboration for testimony by accomplices).

kidnapping had already occurred. Thus, maybe there was evidence for aiding and abetting an assault, but not aiding and abetting kidnapping, according to Gustafson. (Mem. of Objs. at 6-7.) But there is nothing necessarily insidious or impermissible about circumstantial evidence; circumstantial evidence may often be less probative than direct evidence, but it may still be relied on to prove the presence of the elements of a particular crime. *See, e.g.*, *United States v. Grimes*, No. 15-3309, 2016 WL 3254218, at *2 (8th Cir. June 14, 2016) (stating that circumstantial evidence may be used to prove that a felon was in possession of a firearm). The Court therefore finds that a rational factfinder could have determined, based on Tiedens' and J.K.'s testimony that Gustafson aided and abetted the assault as well as the kidnapping, even if the evidence was "circumstantial."

Fourth, Gustafson argues that the jury's finding that the kidnapping and the assault were two separate events is unsupportable because they were so close in time. (Mem. of Objs. at 7-8.) The Court need not address this argument, however, because it does not affect the Court's decision on Gustafson's petition. The jury needed to find that Gustafson had committed at least three predicate criminal acts to meet the "pattern of criminal activity" element in the racketeering charge. Minn. Stat. § 609.902, subd. 6. The jury found that Gustafson had committed four predicate offenses – aiding and abetting kidnapping, assault, and arson, as well as being an accessory after the fact to a robbery. So even if the aiding and abetting kidnapping and assault offenses should have been considered as only one predicate offense, Gustafson would still have had three predicate offenses, an amount sufficient to support the conviction. Additionally, to the extent Gustafson argues that permitting him to be convicted for two crimes based on one

act violates his Fifth Amendment right against double jeopardy, Gustafson is incorrect. The Fifth Amendment's Double Jeopardy Clause prohibits the government from "subject[ing]" a person to prosecution twice "for the same offense."   U.S. Const. amend. V.  It does not prohibit a person from being convicted of multiple crimes for one event, as is an all too common occurrence.  *See, e.g.*, *United States v. McVeigh*, 153 F.3d 1166, 1176-77 (10th Cir. 1998) (affirming Timothy McVeigh's convictions for, among other counts, a count of using a weapon of mass destruction, a count of destruction by explosive, and eight counts of first-degree murder, all for his actions on April 19, 1995, when he bombed a federal building).

Gustafson argues in response that the robbery predicate offense finding was unsupportable too.  (Mem. of Obj. at 8-12.)  As Gustafson notes, two witnesses testified that Gustafson ordered more than one woman to clean up blood in Gustafson's house following the robbery.  (*Id.* at 8-9; *see also* Second Appendix, Exs. B at 363, D at 187.) Gustafson does not dispute that he made the statements; instead he argues that a rational factfinder would have concluded that those statements had to do with "the non-criminal goal of keeping the house clean" rather than destroying evidence of a crime.  (Mem. of Obj. at 9.)   Again, perhaps a rational factfinder could have arrived at Gustafson's preferred interpretation of the evidence, but a rational factfinder also could have arrived at the incriminating interpretation as well.

The Court will therefore overrule Gustafson's first objection.

### B.      Ineffective Assistance Of Counsel

In order to receive relief in the context of a habeas petition based on ineffective assistance of counsel, the petition must show (1) that his attorney's performance "fell below an objective standard of reasonableness," and (2) "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984).

Gustafson makes several *Strickland* arguments:  First, he argues his trial and appellate attorneys should have presented the argument about Tiedens' testimony post-limitations instruction.  But as mentioned above, Gustafson has not shown that the jury necessarily would not have arrived at its same conclusions based on J.K.'s testimony alone.  Second, Gustafson argues his trial and appellate attorneys should have made the Double Jeopardy argument mentioned above, but again, as previously stated, the argument is meritless and therefore Gustafson cannot show a reasonable likelihood that the outcome of his case would have been different.  Third, Gustafson argues his attorneys should have made the robbery-related argument described above, but the Court finds that Gustafson has not made a showing of a "reasonable probability" that any state court would have found that the jury could not have reasonably found that the clean-up-the-blood statements were benign statements about housecleaning instead of incriminating statements about destroying evidence of a crime.

Fourth and finally, Gustafson argues that his attorney should have made a statute of limitations argument on the aiding and abetting first-degree arson charge.  Minnesota's statute of limitations for arson is five years.  Minn. Stat. § 628.26(j).  The conduct at issue

in the arson took place in April 2006, and Gustafson was not charged until more than five years later, in June 2011.   However, Gustafson's statute-of-limitations argument is not presented in his habeas petition.   As noted above, Gustafson's initial petition did raise the statute-of-limitations issue, although not in the section on ineffective assistance of counsel.   (*See* Mem. in Supp. of Pet. at 13-14.)   But after Reiser argued that Gustafson's state-court remedies had not yet been exhausted on the statute-of-limitations issue, Gustafson amended his petition to delete his references to the statute-of-limitations issue. (Mot. to Amend.)   Therefore the Court will not consider this final argument, only raised now in Gustafson's objections.   The Court will, however, specify that Gustafson's petition is not dismissed with prejudice to any statute-of-limitations arguments with respect to the aiding and abetting arson conviction.   Should Gustafson desire to raise the issue in a later petition, if he believes he has a legitimate argument, he may.

The Court will overrule Gustafson's *Strickland*-based objections.[2]

---

[2] Gustafson does not object to the Magistrate Judge's recommendation that a certificate of appealability be denied.   (*See* R&R at 24-25 (recommending denial of certificate of appealability).)   For the reasons stated in this memorandum opinion, the Court finds no error in the Magistrate Judge's finding that Gustafson has failed to make a "substantial showing of the denial of a constitutional right."   (*Id.* (quoting 28 U.S.C. § 2253(c)(3).)   The Court will therefore deny Gustafson a certificate of appealability.

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Clerk of Court is **DIRECTED** to vacate both the June 24, 2015, Order Adopting the Report and Recommendation [Docket No. 21] and the Judgment [Docket No. 23]**.**

**IT IS FURTHER HEREBY ORDERED** that the Court **OVERRULES** Gustafson's Objections filed on June 25, 2015 [Docket No. 24] and **ADOPTS** the Report and Recommendation of the Magistrate Judge dated June 4, 2015 [Docket No. 20], to the extent it is consistent with this Order.

1.      Gustafson's Amended Petition [Docket Nos. 1, 11, 12] is **DISMISSED with prejudice**, except with regard to any arguments regarding the statute of limitations for Gustafson's aiding and abetting first-degree arson conviction, which are **DISMISSED without prejudice**.

2.      The Court does **NOT** certify for appeal under 28 U.S.C. § 2253(c) the issues raised in Gustafson's petition.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**


DATED:  November 23, 2016
at Minneapolis, Minnesota.

_____
JOHN R. TUNHEIM
Chief Judge
United States District Court